UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 712 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CHARLES LANDWER ) | |

## PROTECTIVE ORDER

Upon the government's motion for a protective order, it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case shall remain the property of the United States. Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the defendants, all such materials and all copies made thereof shall be destroyed, unless there is a specific request by the government for the return of particular materials. All copies withheld by the defense by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which they shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

2. All materials provided by the United States may be utilized by the defendants and their counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel, persons assisting in the defense, persons who are interviewed or consulted during the course of the investigation of this case or such other persons as to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or the defendants may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendants' counsel, and persons employed to assist the defense, or such other person as to whom the Court may

authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. The materials shall not be copied or reproduced except so as to provide copies of the material for the use by each defense lawyer and defendant and such persons as are employed by them to assist in the defense and such copies and reproductions shall be treated in the same manner as the original matter.

4. The restrictions set forth in this order do not apply to documents that are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain.

5. Before providing the materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement that represents that the authorized person has received a copy of and reviewed this Order and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the later of: (a) the trial or other resolution of this case; and (b) any direct appeal. Defense counsel shall make the signed statements of each authorized person available to the government as required by the Federal Rules of Criminal Procedure, the local criminal rules of the Northern District of Illinois and/or Court order.

6. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

_____
ROBERT M. DOW, JR.
United States District Judge

October 31, 2008
DATE